IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM J. FLOHRS,

    Plaintiff,

v.                                    No. 12-2439-SAC

ELI LILLY AND COMPANY,

    Defendant.

MEMORANDUM AND ORDER

This case comes before the Court on Plaintiff William J. Flohrs' motion pursuant to Fed. R. Civ. Pro. 55(b)(2). Dk. 24. Although stated to be a motion for summary judgment, the motion in fact seeks default judgment, and is so construed by the Defendant, who opposes the motion. Dk. 26.

Plaintiff contends that he properly served the Defendant on July 17, 2012, that the summons required the Defendant to respond within 20 days, and that Defendant failed to do so.

Defendant contends that if it was properly served on July 17th, its deadline to answer was August 7, 2012. *See* Dk. 3; Fed. R. Civ. Pro. 12(a)(1)(A). But Defendant admits it took no responsive action by August 7th, and first moved on August 8th to extend its answer date.

Defendant's August 8th motion for more time stated that it became aware of Plaintiff's complaint through means other than service, that a

member of its legal department was designated to monitor for service, that to its knowledge no summons was received, and that Defendant learned of this suit by checking the docket sheet on August 8th. Defendant's counsel contacted the Plaintiff that same day, but Plaintiff did not wish to include his position in the motion for extension of time. Dk. 4. Defendant represented to the Court that its acts were not taken in bad faith, or done with the intent to delay the case or prejudice the Plaintiff. The Magistrate Judge reviewed the motion and granted Defendant until August 21st to respond, and Defendant filed its answer on August 20th. Dks. 7, 9.

Thereafter, Defendant moved for summary judgment and a stay of discovery pending resolution of the summary judgment motion. Two days later, and over one month after Defendant answered, Plaintiff filed this motion seeking a default judgment.

### Procedurally Improper

Rule 55 of the Federal Rules of Civil Procedure requires two sequential steps before entry of a default judgment. Rule 55(a) specifies the first step:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Entry of default is a prerequisite to default judgment. The party seeking a default judgment has the burden to request an entry of default from the clerk and to submit the required proof that the defendant failed to defend after being properly served with the complaint and summons. The second

2

step, pursuant to Rule 55(b), is for the moving party to seek entry of judgment on the default under either subdivision (b)(1) or (b)(2).

The plaintiff's motion for default judgment is premature, as he has failed to accomplish the first step of applying for an entry of default with the clerk of the court. The court thus finds no basis for entry of a default judgment.

### Substantively Unwarranted

Default judgment is appropriate only against a party who has failed to plead or otherwise defend, as Rule 55 makes clear. But here, Defendant answered the complaint before Plaintiff moved for default judgment. Because Defendant timely responded to Plaintiff's complaint, no default can be had.

Additionally, Plaintiff has not shown any prejudice from Defendant's one-day tardiness in moving for an extension of time. Defendant requested and the Court granted its untimely motion for an extension of time in which to answer, and Defendant answered within the time granted. Plaintiff was given an opportunity to oppose the motion for extension of time, but chose not to do so. Plaintiff has not shown any prejudice from Defendant's one-day tardiness in moving for an extension of time. *See McCook v. Flex Financial Holding Co.*, 2008 WL 1924129 (D.Kan. 2008) (including defendant's culpability, plaintiff's prejudice, and the meritorious nature of the defense

among the factors to consider in determining whether to set aside an entry of default).

Lastly, the policy underlying the Federal Rules favors judgment on the merits, rather than default judgments. *Universal Am-Can, Ltd. v. Interstate Brands Corp.*, 160 F.R.D. 151 (D.Kan. 1995). Default is a harsh sanction, usually not warranted absent willfulness, bad faith, or some fault of the party. *See In re Rains*, 946 F.2d 731 (10th Cir. 1991). The record reflects none of the above.

IT IS THEREFORE ORDERED that Plaintiff's motion for "summary judgment" (Dk. 24) is denied.

Dated this 23rd day of October, 2012 at Topeka, Kansas.


                                        s/ Sam A. Crow
                                        Sam A. Crow, U.S. District Senior Judge