IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAMS J. FLOHRS, | ) |
| | ) |
| Plaintiff and Counterdefendant, | ) |
| | ) |
| v. | ) Case No. 12-2439-SAC |
| | ) |
| ELI LILLY COMPANY, | ) |
| | ) |
| Defendant and Counterclaimant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Eli Lilly and Company's Motion to Stay Discovery pending determination of Eli Lilly and Company's Motion for Summary Judgment (ECF No. 16). For the reasons stated below, the motion is granted. Given Plaintiff's *pro se* status, for the purpose of this order, the Court will consider both Plaintiff's response brief and Plaintiff's "response" to Eli Lilly's reply brief, which the Court construes as Plaintiff's surreply. In the future, however, Plaintiff must request leave to file a surreply or risk having his brief stricken.[1]

### I.   Background[2]

On October 30, 2008, Plaintiff William J. Flohrs ("Flohrs") executed a "Severance Agreement and Release of Claims for Voluntary Package" ("Severance Agreement"). On October 31, 2008, Flohrs retired from Eli Lilly and Company ("Eli Lilly"). Flohrs elected to

---

[1] *First Savings Bank, F.S.B. v. U.S. Bancorp*, 184 F.R.D. 363, 367 (D. Kan. 1998) ("There is no provision for the filing of a surreply absent leave of court.").

[2] The background information is taken from the parties' initial filings, the briefs pertaining to the Motion to Stay Discovery, and the briefs pertaining to the Motion for Summary Judgment. This summary is intended to provide background information regarding the positions of the parties and should not be read as findings of fact.

defer the start date of his pension benefit at that time.  On May 14, 2010, Flohrs elected to begin receiving his pension benefits on June 1, 2010.

On October 8, 2008, Flohrs called Eli Lilly's Benefits Helpdesk.  The Benefits Helpdesk allegedly informed Flohrs that he would receive a substantially larger monthly benefit if he deferred the start date of the monthly benefit for five years.  Flohrs claims that he would have elected to start receiving his pension benefits immediately after his retirement on October 31, 2008, but for the promise that he would receive a substantially larger monthly benefit if he deferred, and that any increase to his monthly payments gained by deferring was not substantial.  Therefore, Flohrs requested $73,000 in back benefits from Eli Lilly.

The benefit pension plan ("Plan") given by Eli Lilly to Flohrs is subject to the Employee Retirement Income Security Act of 1974 ("ERISA").  Section 10.06 of the Plan states that "[n]o legal action may be commenced or maintained against the Plan more than one year after the Employee Benefits Committee wholly or partially denies, or is deemed to have wholly or partially denied, a claim for Plan benefits."  On February 23, 2011, the Employee Benefits Committee ("EBC") of Eli Lilly communicated to Flohrs via mail that his appeal for additionally Plan benefits was denied.  Flohrs received that letter on February 25, 2011 at the latest.  Additionally, under the Severance Agreement executed on October 30, 2008, Flohrs agreed to:

> [G]ive up all of My Claims to the fullest extent permitted by law, and I agree to abide by this Agreement in all respects.  I will not bring any lawsuits against the Company or make any demands against the Company for compensation or damages relating to My Claims.  The Severance Benefit that I am receiving under this Plan is a fair compromise for my undertakings in this Agreement.

"My Claims" included the rights to personal relief of any kind from Eli Lilly, such as "all claims arising out of or relating to actual or alleged statements" of the Company, all claims for estoppel and misrepresentation, "all claims for compensation or monetary damages of any kind," "all

claims for . . . other personal equitable relief," and "all claims under any employee benefit plan sponsored or maintained by" Eli Lilly. Also under the Severance Agreement, Flohrs agreed that:

> I have read this Agreement carefully. I understand all of its terms. In signing and dating this Agreement, I have not relied on any statements or explanations made by the Company except as specifically set forth in this Agreement. I am voluntarily releasing My Claims against the Company and undertaking my other obligations under this Agreement. I intend this Agreement to be legally binding.

On July 13, 2012, Flohrs filed this lawsuit against Eli Lilly.

## II.   Discussion

While the district court has broad discretion to stay discovery pending a ruling on a dispositive motion, "'the right to proceed in court should not be denied except under the most extreme circumstances.'"[3]  Generally, courts in the District of Kansas do not stay pretrial proceedings, including discovery, even though dispositive motions are submitted because a stay can delay a "timely resolution of the matter."[4]  Additionally, courts abuse their discretion if the stay "prevents a party from having a sufficient opportunity to develop a factual basis for defending against the motion" for summary judgment.[5]

However, discovery may be stayed pending a dispositive motion if "the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all

---

[3] *Afshar v. U.S. Dep't of State*, No. 06-2071-CM-GLR, 2006 U.S. Dist. LEXIS 52435, at *2 (D. Kan. July 18, 2006) (citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

[4] *Wolf v. United States*, 157 F.R.D. 494, 494 (D. Kan. 1994); *Hall v. Witteman*, No. 07-4128-SAC, 2008 WL 1743439, at *2 (D. Kan. April 14, 2008).

[5] *Wolf*, 157 F.R.D. at 495.

issues of the broad complaint would be wasteful and burdensome."[6]  Essentially, to stay discovery Defendant must prove that they are likely to prevail on the dispositive motion.[7]

### A. Defendants have not shown that the instant case will likely be concluded as a result of the ruling on the dispositive motion.

Defendants maintain that if the summary judgment motion is granted, then the motion will resolve Plaintiff's entire case.  The Plaintiff's claim against Eli Lilly would be resolved if the summary judgment motion were granted.  However, the case in its entirety will not be concluded because Eli Lilly has counterclaimed against Flohrs for damages based on breach of the Severance Agreement.  Eli Lilly has not moved for summary judgment on this counterclaim.  Therefore, the Defendants have not met their burden to show that the case will likely be concluded.

### B. In the present case additional discovery would not impact the pending motion to dismiss.

In deciding a motion to stay discovery, the court also considers whether the non-moving party needs to use discovery in order to establish facts to defend the dispositive motion. Additional discovery would likely not impact all three independent defenses Eli Lilly presents. Those defenses include the one-year statute of limitations; the execution of the Plan and the Severance Agreement by Flohrs, which released a significant portion of Flohrs' potential claims against Eli Lilly; and the invalidity of an equitable estoppel claim for benefits from an ERISA plan in the Tenth Circuit.  Any of these three defenses would be independently sufficient to grant summary judgment.

---

[6] *Kutilek v. Gannon*, 132 F.R.D. 296, 298 (D. Kan. 1994); *Wolf*, 157 F.R.D. at 494.

[7] *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

Flohrs has not suggested any need for discovery beyond the scope of the written agreements in order to respond to Eli Lilly's motion. Additionally, the discovery Flohrs has sought in this case generally pertains to issues outside the scope of Defendant's Motion for Summary Judgment. For example, the information pertaining to the staffing of the Benefits Helpdesk has little to no impact on the theories underlying the Motion for Summary Judgment. Additionally, portions of the information sought by Flohrs had already been provided in the Severance Agreement and the Plan; while other portions of the discovery requests are not relevant to the Motion for Summary Judgment. Therefore, it appears that none of these issues require additional discovery that would impact the pending motion for summary judgment.

### C. Discovery would be wasteful and burdensome.

In determining whether to grant or deny a motion to stay discovery, courts also consider whether discovery into the complaint in its entirety would be wasteful or burdensome. Staying discovery could conserve the Court's time and resources, the parties' time and resources, and avoid immaterial disputes. Discovery would be wasteful and burdensome because the three defenses raised by Eli Lilly are not impacted by the discovery Flohrs has sought; for the most part, effort put forth by either Flohrs or Eli Lilly regarding those discovery requests will not have an impact on the resolution of the Motion for Summary Judgment. As discussed, the discovery requests would generally be wasteful and burdensome because the requests refer to matters outside of the scope of the Motion for Summary Judgment and to information that is either irrelevant or already available in the Severance Agreement and the Plan.

Additionally, allowing discovery to continue could be especially burdensome on Flohrs due to Eli Lilly's counterclaim for damages, including attorney's fees, which, if Eli Lilly prevails, would inevitably increase as a result of additional discovery. Discovery would also probably require Court oversight, especially considering that Plaintiff has already included the

Court in several matters generally reserved for the parties, which would require time and resources to be spent by the Court. Therefore, the discovery would be wasteful and burdensome to Eli Lilly, Flohrs, and the Court.

## IV.     Conclusion

Although this case will not be completely concluded as a result of the ruling on the dispositive motion, it is still appropriate to stay discovery because the requested discovery would not defeat all of the theories on which Eli Lilly moves for summary judgment, and the requested discovery would be wasteful and burdensome to Eli Lilly, Flohrs, and the Court. After the district judge rules on the motion for summary judgment, the Court will reset the scheduling conference in this case.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Eli Lilly and Company's Motion to Stay Discovery pending determination of Eli Lilly and Company's Motion for Summary Judgment (ECF No. 16) is granted.

**IT IS SO ORDERED.**

Dated this 30th day of October, 2012, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
