IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM J. FLOHRS,

    Plaintiff,

    v.                                                            No. 12-2439-SAC

ELI LILLY AND COMPANY and
AON HEWITT BENEFIT PAYMENT SERVICES, LLC,

    Defendants.

## MEMORANDUM AND ORDER

One day after this Court granted Defendant Eli Lilly Company's motion for summary judgment, Plaintiff filed his second amended complaint naming only Aon Hewitt Benefit Payment Services, LLC (Aon Hewitt) as a defendant. The sole claim stated is "[f]ailure of the Defendant to provide accurate information on when to initiate pension benefits that were due Plaintiff." Dk. 50, p. 3.

The facts stated in support of this claim are identical to those Plaintiff stated against Eli Lilly:

> The Plaintiff was going to retire from [Defendant] on October 30, 2008. The Plaintiff called the Benefits Helpdesk on October 8, 2008 and asked, "If I start taking my pension benefit on November 1, 2008 or wait 5 years to start taking my benefits, will there be a difference in the amount of benefits that I would receive?" The answer the Plaintiff received from the person at the Helpdesk was, "Yes, there will be a substantial difference."

Dk. 50, p. 3. Plaintiff further alleges that based on this information, he waited to start receiving benefits, but in June of 2010, found out that "this information was wrong." *Id.*, p. 4. He states that he contacted Eli Lilly to request back benefits due, but they refused to provide those benefits, and alleges that "Hewitt provided website services and may have provided other services (Helpdesk) to Eli Lilly and Company." *Id.* Plaintiff elsewhere alleges that Hewitt may have been the administrator of one or both of the committees which denied his claim. He seeks 19 months of benefits at $3,206.74 per month plus interest, filing fees, and attorney's fees, although he is acting pro se. Other than its references to Hewitt, the complaint is identical to the original complaint against Eli Lilly.

**I. Motion to Strike**

Plaintiff moves to strike an affidavit Eli Lilly presented in support of its previous motion for summary judgment because it discloses the amount of severance pay he received, and to strike all documents, including this Court's order, which recite that amount. Plaintiff contends that the amount of his severance pay is personal, confidential information and that disclosing it violates Eli Lilly's privacy policy; that Eli Lilly used the information for its financial gain by persuading the Court to grant its summary judgment motion; and that disclosure violates his privacy rights and constitutes the crime of identity theft.

Upon motion of a party or upon its own motion "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P.12(f). Motions to strike, however, are disfavored. *Falley v. Friends University*, 787 F.Supp.2d 1255, 1257 (D.Kan. April 14, 2011). The court should not strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party. *Id.*

Plaintiff's motion to strike is denied for multiple reasons. First, the challenged affidavit was used in support of Eli Lilly's summary judgment motion which the Court granted in December of 2012. By seeking to strike the affidavit, Plaintiff essentially asks the Court to reconsider its order granting summary judgment. But such a request must be made, if at all, by a motion pursuant to Fed. R. Civ. P. 60, which Plaintiff has not filed.

Secondly, Plaintiff should have objected to disclosure of the amount of his severance pay, if at all, when he first learned of it. As Plaintiff acknowledges, the amount of his severance pay was twice stated as an uncontested fact in Eli Lilly's memorandum in support of its motion for summary judgment, and was referenced in counsel's argument as well. (*See* Dk. 19, pp. 9, 11, 18). Plaintiff received that memorandum and had a duty to respond to each uncontested fact asserted by Eli Lilly, *see* D.Kan.Rule 56.1, yet raised no objection to the repeated disclosure of the amount of his severance pay. That inaction resulted in a waiver.

Further, by initiating this lawsuit and raising a claim related to the amount of his retirement benefits, Plaintiff should reasonably have expected a defense based on the terms of the Severance Agreement. By putting the terms of the Severance Agreement at issue, Plaintiff may have waived whatever privacy interest he could otherwise show he had in those terms. Plaintiff has not shown that the amount of his severance pay has no possible relation to the controversy, or that its disclosure prejudices him in any way.

But even assuming that the merits of this issue are properly before the Court, the Court finds no reason to believe that disclosure of the amount of Plaintiff's severance pay was in error. Plaintiff does not show the Court that the amount of his severance pay is *per se* private, confidential, redundant, immaterial, impertinent, or scandalous. Although some companies may consider salary information of current employees to be private, in that event they instruct their employees to that effect. *See e.g., Biglow v. Boeing Co.*, 182 F.Supp.2d 1037, 1048 (D.Kan. 2001) (finding that the supervisor "stressed the importance of confidentiality and stated that salary information is private and that plaintiff should not discuss it with co-workers.") Plaintiff has not shown that Eli Lilly considers the amount of severance pay to be private, nor has Plaintiff shown any reason why the amount of money paid to one separating from the company as Plaintiff did should be kept confidential.

Plaintiff primarily asserts that the disclosure violated Eli Lilly's internal privacy policy, but nothing in that policy defines "personal information" to include severance pay or salary, specifically, or that kind of information, generally. *See* Dk. 70, Exh. 1. Nor does any language in Plaintiff's Severance Agreement suggest that the amount of severance pay is private or confidential. *See* Dk. 20, Exh. 2, p. 54-60.

Plaintiff alludes to civil actions including breach of contract, and to federal prosecution for violation of criminal laws prohibiting identity theft, but even if such actions were somehow meritorious, they are not properly brought in this lawsuit and have no impact upon it. Accordingly, this motion is denied.

**II. Motion for Summary Judgment**

**Facts**

Defendant's motion for summary judgment incorporates facts from its summary judgment motion against Eli Lilly, and adds the following. Aon Hewitt provides outsourcing solutions to large and mid-sized organizations related to their employee benefits plans. Since 2004, Aon Hewitt has provided outsourcing, administrative, and ministerial services to Eli Lilly through an Administrative Services Agreement. Aon Hewitt's services for Eli Lilly include delivery of the Plan Benefits; recordkeeping services; website management; benefit accounting, and staffing and management of benefits resources including a benefits helpdesk.

At all times, Aon Hewitt was acting on Eli Lilly's behalf in providing services related to the Plan, including staffing the benefits helpdesk and maintaining the benefits website. Aon Hewitt did not act as an administrator under the Plan and did not exercise discretionary control over the Plan or the disposition of claims under the Plan. Nor did Aon Hewitt administer or staff Eli Lilly's Employee Benefits Committee or Benefit Plan Review Committee. Aon Hewitt regularly received instructions from Eli Lilly on how to perform the tasks noted above and other administrative and ministerial tasks related to the Plan.

Plaintiff has not properly controverted the above facts, so they are deemed admitted. *See* D.Kan.R. 56.1(b). Plaintiff's response attaches an exhibit, but does not refer to it in support of its facts, and Plaintiff's facts are not support by specific reference to the record. Under the applicable procedural rules, it is the duty of the parties contesting a motion for summary judgment to direct the court to those places in the record where evidence exists to support their positions. *See Gross v. Burggraf Constr. Co.,* 53 F.3d 1531, 1546 (10th Cir. 1995); *Caffree v. Lundahl,* 143 Fed. Appx. 102, 106, 2005 WL 1820044, *3 (10th Cir. 2005). It is not the duty of this court to scour the record which has not been cited by the parties. *Accord United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

The Court incorporates its related prior order in this case granting summary judgment to Eli Lilly (Dk. 49) as though fully set forth herein.

**Analysis**

Plaintiff variously alleges that Aon Hewitt is a fiduciary, an administrator, and an independent contractor. See Dk. 71.

Plaintiff has failed to raise a material question of fact that Aon Hewitt may be the administrator of his Plan. ERISA defines the term "administrator" as:

> (i) the person specifically so designated by the terms of the instrument under which the plan is operated;
> (ii) if an administrator is not so designated, the plan sponsor; or
> (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C. § 1002(16)(A). Plaintiff's Pension Plan specifically designates the Employee Benefits Committee, not Aon Hewitt, as the 'Plan Administrator,' and that designation is conclusive for purpose of applying Sec. 1132(c).[1] See *McKinsey v. Sentry Ins.*, 986 F.2d 401, 404-405 (10th Cir. 1993) (refusing to recognize *de facto* administrator theory). Plaintiff has not shown that Aon Hewitt may have administered or staffed the committee or exercised any discretionary control over the Plan or its benefits.

To the extent Plaintiff claims that Aon Hewitt breached its fiduciary duty, Plaintiff's claim fails, as Plaintiff has failed to raise a material question

---

[1] Although Plaintiff's complaint does not allege a violation of 1132(c)(1), his brief mentions this theory.

of material fact regarding the following: 1) that Aon Hewitt had the status of an ERISA fiduciary; 2) that defendant made a material misrepresentation; *see Kerber*, 647 F.3d at 968; and 3) that Plaintiff reasonably and detrimentally relied on that misrepresentation. *See Randles v. Galichia Med. Group, P.A.*, 2006 WL 3760251, at *13 (D.Kan. Dec. 18, 2006) (citing *Romero v. Allstate Corp.*, 404 F.3d 212, 226 (3d Cir. 2005)); *see also Kerber v. Qwest Group Life Ins. Plan*, 2009 WL 807443, at *5 (D.Colo. Mar. 25, 2009) (citations omitted) (relying on Third Circuit test, in absence of a Tenth Circuit test for analyzing a breach of fiduciary duty for misrepresentations); *Shook v. Avaya Inc.*, 625 F.3d 69 (3d Cir. 2010) (finding that detrimental reliance "encompasses both an injury and reasonableness").

But regardless of the capacity in which Aon Hewitt acted or failed to act, Plaintiff has not shown any basis for liability of this defendant. As the Court previously found, Plaintiff released all his claims against "the Company" by his Severance Agreement, which broadly defines "claims" to include his damages claims in this case, "regardless of the legal theory Plaintiff relies on." Dk. 49, p. 14. That agreement broadly defines "Company" to mean not only Eli Lilly, his ex-employer, but also "the present and past fiduciaries and administrators of any employee benefit plan sponsored or maintained by Lilly (other than multiemployer plans); and anyone who acted on behalf of Lilly or on instructions from Lilly." Dk. 62, Ex. B, p. 00053. That definition includes Aon Hewitt, who acted on behalf of or

8

on instructions from Eli Lilly. Accordingly, Plaintiff released all his claims against Aon Hewitt via the Severance Agreement.

Additionally, to the extent Plaintiff's claim against Aon Hewitt could be viewed as a claim for Plan benefits, whether brought under a theory of denial of benefits under § 1132(a)(1)(B), or for interference under § 1140, or for not providing requested information under § 1132(c), it is barred by the one-year limitation provision in the Plan. *See Salisbury v. Hartford Life and Accident Insurance Co.*, 583 F.3d 1245, 1247–1248 (10th Cir. 2009) (holding reasonable limitations periods are enforceable against ERISA plans).

Alternatively, Plaintiff's claim, if viewed as one for equitable estoppel regarding ERISA matters, or some other state law cause of action, is generally not recognized in the Tenth Circuit, and the Plaintiff fails to raise a material question of fact that he may fit within an exception to that rule. *See* Dk. 49. Because Plaintiff's state law claim relates to an ERISA Plan, it is preempted. *See Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 962 (10th Cir. 2011). Plaintiff cites cases from other jurisdictions, but this Court is bound to follow Tenth Circuit precedent. Accordingly, Defendant Aon Hewitt's motion for summary judgment is granted.

**III. Motion for Leave to Amend Complaint**

Plaintiff's motion for leave to amend his complaint is pending. The motion seeks to add as a defendant Hewitt Associates, Inc., but it changes no other language in the complaint. Dk. 60, Exh. 1, p. 1-7. The Court notes

that the attached Exhibit to that motion (Dk. 60) includes yet another motion for leave to amend. That buried motion seeks to add as a defendant, "The Lilly Retirement Plan," which "may have administered the Employee Benefits Committee and the Benefit Plan Review Committee." Dk. 60, Exhibit p. 8–16.

The Federal Rules of Civil Procedure provide that the district court "should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). The district court is not required to grant leave to amend, however, if amendment would be futile. *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (citations and internal quotation marks omitted).

Any amendment by Plaintiff here would be futile. Plaintiff's repeated efforts to amend his pleadings reveal Plaintiff's apparent belief that the viability of his suit rests upon his naming of a proper defendant. But this is not the case. Even if Plaintiff named a defendant who was a fiduciary or an administrator under ERISA, or the Plan itself, Plaintiff's claims would not be viable, given the following: 1) the clear and unambiguous language of the Plan which establishes a one-year limitations for claims against the Plan for Plan benefits; 2) the clear and unambiguous language of the bargained-for Severance Agreement by which Plaintiff released all his damages claims against the Company; and, 3) the clearly-established and binding law of the

Tenth Circuit set forth in this order and in the incorporated order. Accordingly, Plaintiff's motion to amend shall be denied.

**IV. Eli Lilly's Counterclaim**

Eli Lilly has filed a counterclaim for Plaintiff's breach of the Severance Agreement, which is unaffected by the Court's rulings to date. The only basis stated for this Court's jurisdiction over that counterclaim, however, is supplemental jurisdiction. *See* Dk 9, p. 6. The Court declines to exercise supplemental jurisdiction over that state law claim, so dismisses it without prejudice.

IT IS THEREORE ORDERED that Aon Hewitt's motion for summary judgment (Dk. 61) is granted.

IT IS FURTHER ORDERED that Plaintiff's motion to strike (Dk. 70) is denied, and that Plaintiff's motion for leave to file amended complaint (Dk. 60) is denied.

IT IS FURTHER ORDERED that Eli Lilly's counterclaim (Dk. 9) is dismissed without prejudice.

IT IS FURTHER ORDERED that Defendant's motion to stay discovery (Dk. 63) and Plaintiff's motion to compel discovery (Dk. 67) are denied as moot.

Dated this 7th day of May, 2013, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge