IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM J. FLOHRS,

    Plaintiff,

    v.                               Case No. 12-2439-SAC

ELI LILLY AND COMPANY and
AON HEWITT BENEFIT PAYMENT
SERVICES, LLC,

    Defendants.

**MEMORANDUM AND ORDER**

This ERISA case comes before the Court on Defendant Eli Lilly and Company's motion for attorneys' fees, costs, and expenses. Plaintiff opposes the motion (Dk. 88, 91). Costs are determined by the Clerk's office as a matter of course, so this memorandum shall deal solely with the disputed attorneys' fee request.

**I. General Principles – ERISA Fee Awards**

ERISA's attorney's fees provision, 29 U.S.C. § 1132(g)(1), provides "in any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Under this section, "it is within the district court's sound discretion to determine whether a party is entitled to attorney's fees as the result of an action brought under ERISA." *Pitman v. Blue Cross and*

*Blue Shield of Oklahoma*, 217 F.3d 1291 (10th Cir. 2000), quoting *Gordon v. United States Steel Corp.,* 724 F.2d 106, 108 (10th Cir. 1983).

Under ERISA, a party who has received some degree of success on the merits may recover fees from the opposing party.

> A fee claimant need not be a prevailing party to be eligible for an award of attorney's fees and costs under ERISA. *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 130 S.Ct. 2149, 2152, 176 L.Ed.2d 998 (2010). A court may award fees and costs under 29 U.S.C. § 1132(g)(1) as long as the fee claimant has achieved "some degree of success on the merits." *Id.*
>
> This court has established five factors a court may consider in deciding whether to exercise its discretion to award attorney's fees and costs: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Gordon v. U.S. Steel Corp.,* 724 F.2d 106, 109 (10th Cir. 1983). No single factor is dispositive and a court need not consider every factor in every case. *McGee v. Equicor–Equitable HCA Corp.,* 953 F.2d 1192, 1209 n. 17 (10th Cir. 1992).

*Cardoza v. United of Omaha Life Ins. Co.*, 708 F.3d 1196, 1207 -1208 (10th Cir. 2013). These five factors are not exclusive and no single factor is dispositive. *See Gordon*, 724 F.2d at 109 (noting the district court should consider these five factors "among others."); *McGee v. Equicor-Equitable HCA Corp.,* 953 F.2d 1192, 1209, n. 17 (10th Cir. 1992) (finding the factors "are merely guidelines, and while courts need not consider each factor, no single factor should be held dispositive.")

Defendant, having won its motion for summary judgment on all issues, has achieved a great degree of success on the merits. The sole matter on which Defendant did not prevail is its counterclaim, which the Court dismissed for lack of jurisdiction without having reached its merits. *See* Dks. 49, 79. The Court is thus free to exercise its discretion regarding a fee award.

## II. Factors in Deciding to Award Fees

Because neither party has suggested other factors for the Court's consideration and none cries out for attention, the Court examines solely the five factors noted above.

### A. Plaintiff's Culpability or Bad Faith

Defendant contends that Plaintiff's acts were both culpable and in bad faith.

#### 1. No Bad Faith

Defendant shows the Court that Plaintiff repeatedly engaged in acts during discovery which, in the Court's view, if undertaken by an attorney, would likely violate ethical rules and could warrant sanctions. *See* Dk. 90, p. 14. But bad faith in the fee factor context most likely means "[d]ishonesty of belief or purpose." *United States v. Lain,* 640 F.3d 1134, 1138 (10th Cir. 2011) (examining attorneys' fees under Hyde Amendment). The Court is not persuaded that Plaintiff acted in bad faith, as nothing in the record shown to this Court reflects that Plaintiff's belief in his claims was not sincere or that

3

his purpose was other than to recover the benefits which he erroneously yet sincerely believed were owed to him.

### 2. Some Culpability

"Culpability means that conduct was more than negligent and was reprehensible or wrong." *Local Union No. 98, Intern. Broth. of Elec. Workers v. Morris,* 2004 WL 2102073, 1 (E.D.Pa. 2004) (interpreting ERISA fee statute). Culpability means that conduct "involve[d] … the commission of a fault." *McLean v. Continental Cas. Co.*, 1997 WL 566117, 3 (S.D.N.Y.1997) (interpreting ERISA fee statute). The Court finds that Plaintiff's pursuit against a new defendant (Aon Hewitt) of claims identical to those the Court had recently dismissed in the summary judgment order, without presenting any distinguishing facts or reasonable legal argument for a different result, demonstrates a moderate degree of culpability.

### B. Plaintiff's Ability to Pay Fees

Defendant contends that the record suggests Plaintiff is able to satisfy a fee award because: 1) Plaintiff received $202,918.83 less taxes and withholdings in 2008 as severance pay; 2) Plaintiff informed the Court on multiple occasions during this case that he is employed and travels for work, sometimes internationally; and 3) Plaintiff paid the filing fee in this case. In response, Plaintiff neither asserts that he is unable to pay attorneys' fees nor denies Defendant's assertions. Instead, Plaintiff responds that he has only $4500 in savings, that he is offended by Defendant's representation that he

has endless resources, and that Defendant once again breached its privacy policy by disclosing the amount of his severance pay. The Court finds that Plaintiff is able to satisfy a fee award.

### C. Deterrent Effect

The Court next examines whether awarding fees would deter conduct of the kind in which the Plaintiff engaged. Defendant asserts that awarding fees would deter Plaintiff and others from filing speculative litigation on thinly based grounds. Plaintiff's response does not address this specific issue. The Court finds that a fee award would serve the purpose of deterring Plaintiff and others from filing suits that lack any colorable claim.

### D. Significance/Benefit to Others

The next factor asks whether the Defendant sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA. Defendant contends that by defeating Plaintiff's claim for additional benefits from the Plan, it preserved Plan assets and thus benefitted the other Plan participants and beneficiaries. The Plaintiff does not directly address this issue.

The Court finds that this factor does not have significant weight. Defendant did preserve Plan assets and thus benefitted the other Plan participants and beneficiaries to the extent of Plaintiff's claim, but the issues presented in this case were unique to the Plaintiff and did not involve a significant legal question regarding ERISA.

### E. Relative Merits of the Parties' Positions

Defendant alleges that Plaintiff's suit was frivolous and that none of his claims was supported by fact or law. Plaintiff disagrees, but notes solely that his suit was commenced at Defendant's direction by its letter dated February 23, 2011. Defendant replies that this letter is merely a statement of appeal rights required by ERISA, not an invitation for Plaintiff to pursue a frivolous lawsuit.

The Court finds Plaintiff's suit to be frivolous, meaning it is "[l]acking a legal basis or legal merit; not serious; not reasonably purposeful." *Lain*, 640 F.3d at 1137. Plaintiff ignored the Plan document's time limitation for filing suit, flaunted the clear terms of his severance and release, and asserted estoppel claims not recognized in this jurisdiction, all without asserted justification or reasonable excuse. As the Court's summary judgment order found, none of Plaintiff's claims had any merit, and each of Plaintiff's unfounded claims was defeated in multiple and independent ways. This factor significantly favors the Defendant's fee award.

On balance, the factors weigh heavily in favor of awarding fees to the Defendant. Accordingly, the Defendant shall be awarded reasonable fees.

### III. Reasonableness of Fees Requested

Any award of attorney fees must be reasonable. *Uselton v. Comm'l Lovelace Motor Freight, Inc.*, 9 F.3d 849, 853 (10th Cir. 1993). In statutory fee cases such as this, courts generally use the lodestar method to calculate

attorney fees. *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 453-54 (10th Cir. 1988). That method requires the Court to multiply the number of hours reasonably expended on the litigation by the reasonable hourly rate. *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 130 S.Ct. 1662, 1669 (2010). The Court then determines whether that lodestar figure is subject to upward or downward adjustment by analyzing the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 48 F.2d 714, 717–19 (5th Cir. 1974) ("the *Johnson* factors"). *Id.* at 453. *See Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994). Those factors are: (1) time and labor required, (2) novelty and difficulty of question presented by the case, (3) skill requisite to perform the legal service properly, (4) preclusion of other employment by the attorneys due to acceptance of the case, (5) customary fee, (6) whether the fee is fixed or contingent, (7) any time limitations imposed by the client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) "undesirability" of the case, (11) nature and length of the professional relationship with the client and (12) awards in similar cases. *Rosenbaum v. MacAllister,* 64 F.3d 1439, 1445 (10th Cir. 1995).

**Fees Requested**

Neither Defendant's motion nor its memorandum states the amount of fees it requests. The motion makes a "preliminary estimate" of fees, but notes the amount may be adjusted based on a final calculation. Dk. 84, p. 3.

7

Defendant's memorandum states that it has "incurred" a total of $87,949.50 in fees. The Court believes that Defendant is seeking that amount, consisting of $62,950.80 in fees by Faegre Baker Daniels, $13,539.60 in fees for Shook Hardy Bacon's defense of Lilly, and $11,459.10 in fees for Shook Hardy Bacon's defense of Aon Hewitt. *See* Dk. 90, Exh. 22.

**Redactions**

The Court first addresses the issue of redactions. Defendant notes parenthetically that its pro forma records in support of its request for attorney fees have been "redacted to protect the attorney-client privilege." Dk. 90, p. 18. The movant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *See Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249–50 (10th Cir. 1998). By resting on a redacted version of invoices in an attempt to preserve any applicable privilege that may attach to them, Defendant takes the risk of failing to meet its burden of justifying its fee request. *See e.g., Nationwide Payment Solutions, LLC v. Plunkett*, 831 F.Supp.2d 337, 339-340 (D.Me. 2011) and cases cited therein.

Defendant does not note where it has made redactions, but the narratives contain unusual blank spaces which the Court speculates may represent multiple redactions. Most of the suspected redactions are inconsequential because the information remaining for the redacted entries is sufficient to show the nature of the work performed by the attorneys. But

the following three entries have been redacted to such an extent that they fail to do so:

> 1/13/13, Page, .2 hours, $57.60, "Consider [presumed redaction ] issue."
>
> 1/17/13, Baggott, .8 hours, $215.20, "[presumed redaction] for Eli Lilly and Aon."
>
> 1/28/13, Baggott, .3 hours, $80.70, "[presumed redaction] to Eli Lilly and forward to client."

These fees, totaling $353.50, shall therefore be disallowed.

**Hours**

Plaintiff raises three objections to the hours expended by Defendant: 1) Multiple attorneys and local counsel were unnecessary in this case; 2) Attorneys spent too much time drafting the summary judgment motion, drafting simple emails, and doing other tasks; and 3) Defendant should have settled the case during the scheduling conference process by September 20, 2012, so is responsible for its own fees. The Court examines these objections in turn.

First, Plaintiff contends that Local Rule 83.5.3 permits Lilly's in-house Indiana attorneys to represent Lilly in this district. But Plaintiff does not show the Court any language in the rule supporting his unique interpretation that attorneys not registered in this district could practice here without associating with local counsel.

Secondly, the Court has closely examined whether an inordinate amount of time was spent on some tasks. Attorneys normally do not bill a client for all hours expended in litigation, and "an applicant should exercise 'billing judgment' with respect to a claim of the number of hours worked." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (quoting *Malloy v. Monahan,* 73 F.3d 1012, 1018 (10th Cir. 1996)). To show billing judgment, counsel for plaintiff should make a good-faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary and the Court has a corresponding obligation to exclude hours not "reasonably expended" from the calculation. *Id.* This is so even when an attorney seeks a statutory fee award. *See Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct.1933, 1939–1940 (1983), quoting *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C.Cir. 1980).

Although the declarations from the attorneys do not reflect that they exercised billing judgment, the pro formas nonetheless show a write down of attorney fees on many bills. *See e.g.*, Dk. 90 Exh. 9, showing the following fee write downs: 9/30/12, $794; 10/31/12, $1997; 11/30/12, $1997; 12/31/12, $1997; 1/31/13, $1314; 2/28/13, $1520; 3/31/13, $1520; 4/30/13, $1520; and 5/31/13, $1520. The Court has specifically examined Plaintiff's cited examples, as well as the other recorded time spent on specified tasks, and finds the time spent to be reasonable, given the nature of Plaintiff's claims and the number of his filings.

Lastly, Plaintiff has failed to show that Defendant continued this litigation unnecessarily or for any improper purpose. Defendant abided by the discovery rules which are designed to achieve procedural fairness to all the parties, and cannot be faulted if it did not settle the case earlier, or comply with Plaintiff's demands outside those rules, or condone Plaintiff's misunderstanding of the discovery process. This case is typical of those prosecuted by pro se parties who repeatedly file documents not permitted by the rules but which warrant some response by the opposing party, unnecessarily increasing the cost of litigation for all.

**Hourly Rates**

Although Plaintiff does not challenge the hourly rates charged, the Court has an independent duty to review them. In setting the hourly rate, "the court should establish, from the information provided to it and from its own analysis of the level of performance and skills of each lawyer whose work is to be compensated, a billing rate for each lawyer based upon the norm for comparable private firm lawyers in the area in which the court sits calculated as of the time the court awards fees." *Ramos v. Lamm,* 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council For Clean Air,* 483 U.S. 711 (1987). Defendant's reference to prevailing rates in Indiana is thus irrelevant. A reasonable hourly rate comports with rates "prevailing in the community for similar

services for lawyers of reasonably competent skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, at 896 n. 11 (1984).

Defendant's motion does not include any evidence[1] of the prevailing rates in the Topeka and northeast Kansas legal market. *Compare Kansas Judicial Watch v. Stout*, 2012 WL 1033634, 11 (D.Kan. 2012). Instead, Defendant cites recent Kansas cases which have determined the reasonableness of various fees.

"A district judge may turn to her own knowledge of prevailing market rates as well as other indicia of a reasonable market rate." *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994) (citation omitted). To determine a reasonable rate, the Court focuses on "what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Ramos*, 713 F.2d at 555.

The Court finds the hourly rates charged by the Kansas attorneys and their staff to be reasonable. But the hourly rates charged in 2013 by Indiana attorney Gutwein, who has less than 13 years' experience as an attorney, and Clark, who has less than five years' experience, are not reasonable in this jurisdiction. Further, Defendant's fee application fails to state how many years' experience associate attorney Gentry has, so the Court presumes she

---

[1] Mr. Gutwein states that "to the best of [his] knowledge," his requested rates are reasonable in … the District of Kansas, Dk 90, Exh. 8, but he shows no basis of knowledge for that assertion.

has less than five years' experience. Similarly, the application fails to explain why "litigation support analyst" Dowden merits fees greater than an associate's fee, what the nature of her work is, or her length of experience (except to note her being with the firm for two years in what appears to be an IT capacity). Accordingly, the Court shall reduce those fees as follows:

| | *Rate Sought/Awarded* | *Reduction* | *Fee Adjustment* |
|---|---|---|---|
| Gutwein II | $360 $305 | $55 x 13 hours (in 2013) = | -715.00 |
| Clark | $257 $180 | $77 x 50.70 hours (in 2013) = | -3,903.90 |
| Gentry | $195 $180 | $15 x 4.6 hours (in 11/12) = | -69.00 |
| Dowden | $225 $180 | $45 x .6 hours (on 9/21/12) = | <u>-27.00</u> |
| | | **Total rate reduction** | **$4,714.90** |

Adding this amount to the amount above ($353.50) results in a total fee reduction of $5,068.40. The lodestar amount is thus $82,881.10. Having reviewed the relevant *Johnson* factors within the analysis above, the Court finds that this amount needs no further adjustment. Accordingly, the Court awards $82,881.10 in fees to the Defendant.

    IT IS THEREFORE ORDERED that Defendant's motion for attorneys' fees (Dk. 84) is granted in part and denied in part in accordance with the terms of this memorandum.

    IT IS FURTHER ORDERED that Plaintiff's motion for extension of time (Dk. 89) is denied as moot.

Dated this 31st day of July, 2013 at Topeka, Kansas.

                                                s/ Sam A. Crow
                                                Sam A. Crow, U.S. District Senior Judge