IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM J. FLOHRS,

    Plaintiff,

v.                                       Case No. 12-2439-SAC

ELI LILLY AND COMPANY and
AON HEWITT BENEFIT PAYMENT
SERVICES, LLC,

    Defendants.

## MEMORANDUM AND ORDER

This case comes before the Court on Plaintiff's motion to seal eight documents previously filed in this case because they reference the amount of money that Plaintiff received pursuant to his Severance Agreement with Defendant. Defendant does not object to the relief requested by Plaintiff in the motion, noting that its position is consistent with the terms of the parties settlement agreement in this case.

The parties' agreement that certain information should be placed under seal, however, does not vest this Court with authority to do so. *See Shepard v. Dineequity, Inc.*, 2009 WL 3173723, 1 (D.Kan. 2009) (denying motion for leave to file under seal where plaintiffs based their request on a protective order and a joint agreement of the parties to place the information under seal). Instead, the Court must be mindful of the strong

public interest in resolving cases publically, and weigh that interest against those shown by the parties.

> It is beyond question that this Court has discretionary power to control and seal, if necessary, records and files in its possession. [footnote omitted.] *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978); *Nixon v. Sirica*, 159 U.S.App.D.C. 58, 79, 487 F.2d 700, 721 (D.C.Cir. 1973). See also *Birnbaum v. Wilcox-Gay Corp.*, 17 F.R.D. 133, 139 (D.C.Ill. 1953). In exercising this discretion we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602, 98 S.Ct. 1306, 1314, 55 L.Ed.2d 570 (1978); *In re Sarkar*, 575 F.2d 870, 872 (Cust. & Pat.App. 1978).

*Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458 (10th Cir. 1980).

In *Crystal Grower's Corp.,* the Tenth Circuit identified three public interests where the parties sought to prevent public disclosure of the contents of communications between attorneys and their clients:

> At least three possible interests may be asserted in behalf of the general public in a case like this. First is the general interest in understanding disputes that are presented to a public forum for resolution. Second is the public's interest in assuring that the courts are fairly run and judges are honest. Pointing in the other direction, however, is the public interest expressed in the doctrines of attorney-client privilege and work product immunity; a decision circumventing these doctrines poses a significant threat to the free flow of communications between clients and their attorneys and inhibits the ability of lawyers to adequately prepare their clients' cases.

*Id.*

Accordingly, this Court weights the "presumptively paramount' public interest in disclosure, against the interest articulated by the Plaintiff. The Plaintiff has the burden to "articulate a real and substantial interest that justifies depriving the public of access to the records that inform [a court's]

2

decision-making process." *Helm v. Kansas,* 656 F.3d 1277, 1292 (10th Cir. 2011); *see also Carnegie Mellon University v. Marvell Technology Group, Ltd.,* 2013 WL 1336204 at * 4 (W.D.Pa. Mar. 29, 2013) ("Generally, a party wishing to seal a judicial record must demonstrate that good cause exists for the sealing. Good cause can be established by showing that disclosure will work a clearly defined and serious injury to the party seeking closure.") (quotes and cite omitted).

The law does not recognize an absolute or a qualified privilege protecting the amount of severance payments. Although Plaintiff may dislike the fact that others may discover the amount of his severance payment, he has not shown good cause for sealing the documents revealing that amount. No annoyance, embarrassment, oppression, or undue burden or expense, such as would justify issuance of a protective order under Rule 26, has been shown.

In support of his motion, Plaintiff relies on his opinion that the amount of his severance payment was private, confidential information. Plaintiff alludes to Defendant's Global Policy on Privacy and Data Protection, but fails to show that the amount of severance Defendant paid to him falls within the definition of "personal information" in that policy, or that Defendant otherwise agreed to keep this information private. But even had Defendant agreed to keep the information private, this Court is not bound by the parties' private contractual agreements. Plaintiff has not established a

significant interest in preventing public disclosure of the documents at issue in this case.

Additionally, the Court's local rules provide a procedure for requesting leave to file a document under seal. See Rule 5.4.6. That procedure contemplates that a ruling will be made *before* the document containing the information sought to be protected is filed. Here, the information Plaintiff seeks to protect has already been in the public record for several months. The cat has already been let out of the bag, so to speak, yet Plaintiff alleges no harm or hardship flowing from its disclosure. *Cf. Gambale v. Deutsche Bank AG,* 377 F.3d 133, 144 n. 11 (2d Cir. 2004) ("Once the cat is out of the bag, the ball game is over.") (quoting *Calabrian Co. v. Bangkok Bank, Ltd.,* 55 F.R.D. 82 (S.D.N.Y. 1972)). Ex-post facto sealing should not generally be permitted. *See id.* at 144 ("But however confidential it may have been beforehand, subsequent to publication it was confidential no longer.... We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again."); *see also Republic of Philippines v. Westinghouse Elec. Corp.,* 949 F.2d 653, 659 (3d Cir. 1991). Matters already made public "will not be sealed after the fact absent extraordinary circumstances*." Pfizer, Inc. v. Teva Pharmaceuticals USA, Inc.*, 2010 WL 2710566, p. 4 (D.N.J. 2010). Cf, *Rambus, Inc. v. Infineon Technologies AG,* 2005 WL 1081337, at *3 (E.D. Va. 2005) (finding court's use of documents in open court while deciding a dispositive motion subjects

the documents to the First Amendment right of access and effectively strips them of any protection under the protective order.) Plaintiff has failed to carry his heavy burden of showing that retroactive sealing is warranted.

IT IS THEREFORE ORDERED that Plaintiff's motion to seal (Dk. 100) is denied.

Dated this 4th day of September, 2013, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge